IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-02270-PAB

CAROL D. VELEZ,

    Plaintiff,

v.

ANDREW M. SAUL,[1] Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

This matter comes before the Court on the Complaint and Petition for Review [Docket No. 1] filed by plaintiff Carol D. Velez on September 3, 2018. Plaintiff seeks review of the final decision of the Commissioner denying her claim for insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33. *Id.* at 1, ¶ 1. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).[2]

## I. BACKGROUND

On January 10, 2012, plaintiff applied for social security disability insurance

---

[1] On June 4, 2019, Mr. Saul was confirmed as Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul will be substituted as defendant for Nancy A. Berryhill, former Acting Commissioner of Social Security.

[2] The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

benefits under Title II of the Act. R. at 62. After a hearing, the ALJ denied plaintiff's claim for benefits on June 20, 2013. R. at 62, 70. Plaintiff applied for benefits again on December 11, 2014. R. at 162. After an initial denial of plaintiff's claim, R. at 98, plaintiff was granted a hearing before an administrative law judge ("ALJ"). R. at 108. A hearing was held on August 24, 2017. R. at 31. The ALJ denied plaintiff's claim on October 25, 2017. R. at 25.

The ALJ found that plaintiff last met the insured requirements of the Act on September 30, 2016 and had not engaged in substantial gainful activity from the alleged onset date, June 21, 2013, through the last insured date. R. at 17-18. The ALJ also determined that plaintiff had the following severe impairments: coronary artery disease, degenerative disc disease of the cervical spine, and reactive airway disease. R. at 18. The ALJ concluded that these physical impairments "significantly limit the ability to perform basic work activities as required by SSR 85-28." *Id.* The ALJ further found that plaintiff's mental impairment of anxiety disorder was not severe. *Id.* Ultimately, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, or 404.1526. R. at 19. According to the ALJ, plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a),[3] with the following limitations:

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary

> [can] lift[] up to 10 pounds occasionally, [can] stand[] and walk[] up to 4
> hours in an 8-hour workday, and [can] sit[] up to 6 hours in an 8-hour
> workday . . . [can] never climb ladders and [can] frequently climb stairs . .
> . must avoid more than occasional exposure to temperature extremes . . .
> must avoid all exposure to concentrated pulmonary irritants . . . must
> never work in close proximity to flammable gases or open flames . . .
> needs to work in an environment that would allow use of portable oxygen.

R. at 20. The ALJ determined that plaintiff was capable of performing her past relevant work as a call center representative. R. at 24.

On August 1, 2018, the Appeals Council denied plaintiff's request for review of the ALJ's decision. R. at 1-3. Accordingly, the ALJ's decision is the final decision of the Commissioner.

## II. STANDARD OF REVIEW

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not

---

if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

3

substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III. THE FIVE-STEP EVALUATION PROCESS

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006). The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the

evaluation are:

>    (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)).  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability.  However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience."  *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987).  While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts."  *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

Here, the ALJ determined at step three that plaintiff's impairments do not meet the listed impairments.  R. at 19.  At step four, she determined that plaintiff could perform her past relevant work.  R. at 24.  The ALJ did not make alternate step five findings.  *See id.*

## IV.  ANALYSIS

Plaintiff raises four points of error in the ALJ's decision.  She argues that (1) the ALJ's step-three finding that plaintiff is not disabled was not supported by substantial evidence; (2) the ALJ failed to give proper weight to the opinions of Dr. Frank Polanco or Dr. Rosemary Greenslade; (3) the ALJ gave undue weight to other medical sources; and (4) the ALJ failed to adhere to agency policy when crediting plaintiff's statements.  Docket No. 12 at 5.  The Court finds that plaintiff's second argument is dispositive.

The ALJ based her decision that plaintiff is not disabled and could perform past relevant work on the opinions of four medical professionals – Dr. MaryAnn Wharry, a psychologist who did not see plaintiff;[4] Dr. Frank Polanco, plaintiff's treating physician; Dr. Rosemary Greenslade, a consultative examining physician; and Dr. Carol Phelps, a state agency consultant who did not examine plaintiff.  R. at 19, 22-23.

Dr. Polanco rendered his opinion in May 2013.  R. at 494.  He stated that plaintiff was unable to type or do computer work for longer than 15 minutes before needing a break due to experiencing pain.  R. at 495.  He also opined that plaintiff "is limited in sitting and standing activities and has to change position frequently."  *Id.*  While plaintiff was able to do household chores, Dr. Polanco stated that she had to take breaks in order to complete the tasks.  *Id.*  Dr. Polanco also stated that plaintiff reported difficulty in gripping or grasping activities due to hand numbness and

---

[4]Dr. Wharry's opinion as to plaintiff's anxiety, which was given great weight by the ALJ because it was "consistent with the record as a whole," see R. at 19, is not pertinent to the issue before the Court.

6

weakness.  *Id.*  Ultimately, Dr. Polanco found that plaintiff's condition was degenerative in nature and expected to slowly progress rather than significantly improve, and found that her condition was chronic in nature and would continue for at least 12 months.  *Id.*

The ALJ gave Dr. Polanco's opinion "partial weight."  R. at 23.  She found that, while his opinion was consistent with the record with regard to plaintiff's limitations on sitting, standing, and lifting, it was inconsistent with the record evidence regarding plaintiff's ability to grip or grasp.  *Id.*

In November 2015, Dr. Greenslade performed a consultative examination of plaintiff.  R. at 721.  Dr. Greenslade opined that her diagnostic impression of plaintiff was that she had coronary artery disease with congestive heart failure and significant myocardial damage.  R. at 728.  She stated that plaintiff "ha[d] significant functional limitations and significant sequelae[5] as the result of her myocardial infarction, cardiac arrest[,] and cardiomyopathy.  *Id.*  Dr. Greenslade found that plaintiff did not have any functional disabilities or sequelae related to her spine.  *Id.*  Ultimately, Dr. Greenslade concluded that claimant could lift and carry less than 10 pounds frequently, could stand and walk for fewer than two hours in an eight-hour work day, and could sit for fewer than six hours in an eight-hour work day.  *Id.*  This opinion was given "partial weight" by the ALJ because, while the opinion was consistent with the record as to plaintiff's coronary artery disease, degenerative disc disease, and reactive airway disorder, "the

---

[5]"Sequelae is the 'aftereffect of disease, condition, or injury' or its 'secondary result.'" *Antelope Coal Company/Rio Tinto Energy Am. v. Goodin*, 743 F.3d 1331, 1335 n.2 (10th Cir. 2014) (quoting Merriam-Webster.com, http://www.merriam-webster.com/dictionary/sequela (last accessed August 16, 2019)).

opinion [was] inconsistent with [the] examination findings that the claimant had a normal gait, full strength, full sensation, and a normal range of motion." R. at 23.

Finally, in December 2015, Dr. Phelps, a state agency consultant, opined that claimant could lift 10 pounds occasionally and less than 10 pounds frequently; could stand or walk for four hours in an eight-hour work day; and could sit for six hours in an eight-hour work day. R. at 92, 96. The ALJ gave Dr. Phelps' opinion "great weight," finding it consistent with the record as a whole. R. at 23.

Plaintiff argues that the ALJ erred in evaluating the opinion of Dr. Greenslade, whose opinion – according to plaintiff – was entitled to substantial weight. Plaintiff argues that the ALJ misread Dr. Greenslade's medical report. Docket No. 12 at 22. The ALJ disregarded Dr. Greenslade's limitation opinions because they were "inconsistent with her examination findings that the claimant had a normal gait, full strength, full sensation, and a normal range of motion." R. at 23. Plaintiff contends that Dr. Greenslade's limitations findings were based not on plaintiff's cervical spine impairment; they were based on her cardiac impairment. Docket No. 12 at 22. Plaintiff argues it was error for the ALJ to disregard Dr. Greenslade's opinion because the reasons given for doing so were "not logically related" to the ALJ's conclusion. *Id.*

The Court agrees with plaintiff. In her report, Dr. Greenslade opined that plaintiff had "significant functional limitations and significant sequelae" due to her myocardial infarction, cardiac arrest, and cardiomyopathy. R. at 728. However, Dr. Greenslade stated that she found "[n]o functional disabilities" or sequelae due to plaintiff's degenerative joint disease of the cervical spine. *Id.* Thus, the limitations findings that

8

Dr. Greenslade made – that plaintiff could only stand or walk for fewer than two hours and could sit for fewer than six hours per day – were necessarily based on plaintiff's cardiac condition. *See id.* Dr. Greenslade's findings that plaintiff had normal gait, full sensation, or normal range of motion do not contradict her opinion evidence indicating functional limitations, and the ALJ's finding that there was an inconsistency between Dr. Greenslade's opinion and the record is not supported by substantial evidence.

The Court cannot conclude that the ALJ's misreading of Dr. Greenslade's report was harmless. Notably, the perceived inconsistency between Dr. Greenslade's opinion and the medical record was the singular reason the ALJ gave for partially discrediting Dr. Greenslade's opinion. R. at 23. Without this reasoning, there is no basis in the ALJ's opinion for giving Dr. Greenslade's opinion partial weight. In fact, the ALJ expressly found that Dr. Greenslade's cardiac-based opinions were consistent with the record. *Id.* Further, the vocational expert testified at the hearing that, in his opinion, a person with the limitations suggested by Dr. Greenslade – an inability to sit for more than six hours or stand or walk for more than two hours – would not be able to hold full-time employment. R. at 56. Thus, it is important to the proper resolution of this matter that Dr. Greensdale's report and opinion be accurately read.

Defendant does not contest that the ALJ misread Dr. Greenslade's report, but argues that the ALJ "considered the record as a whole and found that [plaintiff's] cardiac issues and other impairments did not cause limitations that would preclude a range of sedentary work." Docket No. 16 at 15. There is no support in the ALJ's decision for such an argument because, as stated above, the only information that the

ALJ considered in finding the inconsistency was Dr. Greenslade's findings as to plaintiff's spine disorder. The Court will not "create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007). The Court also rejects defendant's contention that plaintiff's argument "requires the Court to . . . reweigh Dr. Greenslade's opinion [and] the ALJ's record-based findings." Docket No. 16 at 15. The Court need not reweigh the evidence to find that the ALJ's decision to afford Dr. Greenslade's opinion partial weight is not supported by substantial evidence.

"The Court will not speculate on the weight the ALJ would have given to the opinion in question had it been read correctly or properly weighed, nor will the Court 'substitute its judgment for that of the agency.'" *Jones v. Astrue*, No. 12-cv-2125-WJM, 2013 WL 4522045, at *5 (D. Colo. Aug. 27, 2013) (quoting *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006)). Because the Court finds that Dr. Greenslade's opinion was not properly evaluated, the Court will remand the case for further proceedings. *See id.* (finding remand proper where ALJ "misread a key portion" of a physician's medical opinion that did not, contrary to the ALJ's assertion, contradict the claimant's testimony, but actually aligned with the claimant's testimony); *Sherman v. Berryhill*, 2017 WL 3575868, at *6 (D.N.M. Mar. 30, 2017) ("The ALJ's final reason for rejecting [the source] opinion is invalid as well, as it is based on a plain misreading of the record.").

The Court declines to address plaintiff's remaining objections to the ALJ's decision because they may be affected by the ALJ's treatment of the case on remand.

*See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand"). On remand, the ALJ shall reconsider Dr. Greenslade's opinion in light of this order.

## V. CONCLUSION

For these reasons, it is

**ORDERED** that the decision of the Commissioner that plaintiff is not disabled is **REVERSED** and **REMANDED** for further proceedings consistent with this order.

DATED June 1, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge